## MARTIN MALONE *vs.* BOSTON AND WORCESTER RAILROAD CORPORATION.

A passenger, who, having a free pass over a railroad for himself, buys a ticket for his wife, and delivers her trunk to the railroad corporation without informing them that it is not his, may maintain an action against them for a loss of the trunk during the carriage.

There is no presumption of law that a passenger on a railroad has read a notice limiting the liability of the railroad corporation for baggage, printed upon the back of a check delivered to him, having on its face the words "look on the back," and also printed on a placard posted in the cars and containing other notices which he has read.

ACTION OF TORT against the defendants as common carriers, for the loss upon their railroad of a trunk and its contents, of the value of $214.

At the trial in the superior court of Suffolk at January term 1858, before *Nash*, J., it appeared that the plaintiff was the British mail agent between Canada and Boston, and had passed over the defendants' road more than sixty times a year for six years upon a free pass from the United States government, furnished him by arrangement between the government and the defendants; that the plaintiff bought at the defendants' ticket

office at Boston a ticket from Boston to Suspension Bridge at Niagara Falls, which was really for his wife, although he did not inform the ticketseller of that fact, but simply asked for a ticket; that he delivered a trunk containing his and her baggage to the defendants, without informing them that it was not his own personal baggage, or that he had bought a ticket, or that he was not travelling alone on his free pass as usual; that he received a brass check for the trunk; that the articles in the trunk were nearly wholly his wife's wearing apparel; and that it was lost. The plaintiff testified that this was the only time that he had ever bought a ticket, or received a check for baggage, from the defendants.

Upon this evidence the judge ruled " that the defendants were liable to the plaintiff for the loss of said baggage, to the same extent as if the plaintiff had actually paid his fare for himself; that the price paid for the ticket to be used for his wife included the compensation to the defendants for carrying the trunk, the contents thereof being nearly wholly her personal apparel; and so the defendants became the common carriers of said trunk, for a valid consideration, and liable, notwithstanding there was no notice that it was to be carried under different circumstances from those under which the plaintiff ordinarily travelled."

The defendants offered evidence that when the plaintiff applied at their ticket office for a ticket, he received one bearing only these words: " Worcester to Albany. Albany to Suspension Bridge;" and also a pasteboard check, three inches long by an inch and a half wide, upon the face of which were printed in large type, " B. & W. R. R. Check. Boston to Worcester;" and in smaller type, " Good only with a ticket sold at Boston by B. & W. R. R. Co. to some point beyond Worcester;" in facsimile of handwriting, the signature, " H. G. Perkins;" and in the left hand lower corner, in quite small type, the words, " Look on the back." On the back, in equally small type, was the following: " Passengers are not allowed to carry more than 80 lbs. of baggage, all of which must be strictly *personal* and not exceeding $50 in value, unless notice

is given and an extra price paid. The company will not hold itself liable to pay for any package or other article taken by the passenger with him into the cars. Passengers must not stand on the platform of the cars; nor take or leave the cars when in motion; nor put their heads or arms out of the car windows. ☞ For other regulations see printed notice in the cars and at the stations."

The defendants also offered evidence that in each of the defendants' cars was posted a placard containing a like notice of limitation of liability, and notices as to smoking in the cars, standing on the platform, and putting heads and arms out of the windows; and that the plaintiff had read notices in the defendants' cars as to smoking or standing on the platform.

The plaintiff could read the English language; and testified that he never read any notice limiting the defendants' liability for baggage; that he had no notice or knowledge thereof; that his attention was not called by the ticketseller or any one to the notice on the back of this check, and that he had no knowledge thereof.

The defendants requested the judge to rule that it was a presumption of law that the plaintiff read the whole, if he read a part, of the placard; so that, if he was shown to have read the part thereof relating to smoking or standing on the platform, he was chargeable with knowledge of that part of the same placard, which related to the limitation as to baggage.

The judge declined so to rule; and instructed the jury " that there was no such presumption, but that the question whether notice of said limitation was brought home to the plaintiff was one of fact, to be decided by them on all the evidence, and the inferences to be by them drawn, and that the said reading of a part was a circumstance to be by them weighed in passing upon this question; that notice of the limitation must be brought to the knowledge of the plaintiff, and it was a question of fact whether the plaintiff knew of the limitation before he started on the journey; that the plaintiff's receiving said ticket, and with it said check, in the manner stated, raised no legal presumption that the plaintiff, before leaving the station in

the train, had the required notice of the limitations and conditions on the back of said check; that the posting of said placards and the plaintiff's having read thereon a notice as to smoking or standing on the platform raised no such presumption; but if the plaintiff had read notice of such limitation on the placard, or on said check, or was in any way apprised thereof, or had his attention otherwise called thereto, before the train left the station, then it became a part of the contract and binding on him; and this was a question of fact on the whole evidence."

The jury returned a verdict for the plaintiff in the sum of $190, and the defendants alleged exceptions.

*G. S. Hale*, for the defendants. 1. The defendants stood in the position of a mandatary, liable only for gross negligence. Story on Bailments, §§ 174 & seq. Angell on Carriers, c. 2. They were not common carriers of the mail, the agent, his own, or his wife's luggage. *Collett* v. *London & Northwestern Railway Co.* 16 Ad. & El. N. R. 984. *Nolton* v. *Western Railroad*, 15 N. Y. 444. *Philadelphia & Reading Railroad* v. *Derby*, 14 How. 468. He was bound to show negligence, of which there was no sufficient evidence, or at least it should have been left to the jury. Angell on Carriers, §§ 38, 51, 61. These rules certainly apply to his own effects, which are not distinguished in the evidence or damages from those of his wife. The plaintiff was bound to notify the defendants that the trunk was that of a passenger paying fare, if it could be so considered; otherwise, they had a right to presume that he was travelling as usual. This was negligence, an assent to travel on the usual terms, or an estoppel to deny a fact which he thus led them to believe, justifying less vigilance. The purchase of a ticket was not such notice; it should have been given to the baggage master, or other proper agent. *Sager* v. *Portsmouth, Saco & Portland Railroad*, 31 Maine, 228.

2. The contract was governed by the limitation on the ticket and placards. That was reasonable. Angell on Carriers, § 245. 1 Parsons on Con. 711. 2 Greenl. Ev. § 215. And it was made part of the contract by sufficient notice. The effect of the ruling was that the evidence offered by the defendants was not

*prima facie* evidence of notice. 1 Greenl. Ev. §§ 33 *& seq.* Mathews on Presumption, 1. But it was sufficient to raise a presumption, or furnish *prima facie* evidence. Angell on Carriers, § 248. *Butler* v. *Heane*, 2 Campb. 415. *Clarke* v *Gray,* 6 East, 564. *Leeson* v. *Holt*, 1 Stark. R. 188. *Rowley* v. *Horne*, 3 Bing. 2. *Shaw* v. *York & North Midland Railway*, 6 Railw. Cas. 87. *Walker* v. *York & North Midland Railway*, 2 El. & Bl. 750. *York, Newcastle & Berwick Railway* v. *Crisp*, 14 C. B. 527. *Whitesell* v. *Crane*, 8 W. & S. 369. *Gould* v. *Hill*, 2 Hill N. Y. 623. It was consistent with a wilful omission to read the limitation, which would not certainly defeat its effect. *Emerson* v. *Brown*, 8 Scott N. R. 222. A different rule would violate the ordinary presumptions of notice in common life, subject the defendants to the consequences of the plaintiff's negligence in not examining his ticket at all, render it impossible to secure a protection admitted to be reasonable, and leave them, as in this case, under the present law of evidence, absolutely at the mercy of ready forgetfulness, or of an oath given under strong temptations, with little possibility of detection.

*A. O. Allen*, for the plaintiff.

DEWEY, J. This case must be held to be analogous to the case of *Brown* v. *Eastern Railroad*, 11 Cush. 97, and may, like that, be decided without any adjudication upon the broader question whether a limitation of the liability of the railroad company as to the amount and value of the baggage of passengers transported on the road may not be effectually secured by the delivery of a ticket to the passenger so printed in large and fair type on the face of the ticket that no one could read the part of the ticket indicating the place to which it purports to entitle him to be conveyed without also having brought to his notice the fact of limitation as to liability for his baggage. The present case as to the ticket only differs from the case of *Brown* v. *Eastern Railroad*, in having printed in small type on the face of the ticket, "Look on the back." But there is nothing, on the face of the ticket, alluding to the subject of baggage; no notice to look on the back for regulations as to baggage. The delivery of such a ticket does not entitle the railroad com-

pany to ask for instructions that there result therefrom a legal presumption of notice of the restricted liability as to the baggage of the passenger. The ruling as to the placards posted in the cars was correct, and no legal presumption of notice arose therefrom. The court properly submitted the question of notice to the jury as a question of fact.

We have not particularly considered the question of liability of the defendants as to certain small items, if any, of the wearing apparel of the husband, that were contained in the lost trunk. The articles are stated in the bill of exceptions to have been " nearly wholly his wife's wearing apparel," and the court was not asked to direct the jury to exclude the other articles in assessing damages. Without expressing any opinion upon the point whether these articles, if any, of the husband's would be embraced in the baggage which the defendants assumed to transport as common carriers, the husband paying no fare for his personal transportation, the court are of opinion that in the present aspect of the case judgment should be entered generally on the verdict. *Exceptions overruled.*